## First National Bank of Harrisville v. Coulter et ux.

*W. J. Whieldon*, for plaintiff; *L. R. Rickard*, for defendants.

McLAUGHREY, P. J., April 4, 1932.—It appears from the papers in this case that the First National Bank of Harrisville, Pa., has for several years had a

judgment in the sum of $700 against M. K. Coulter, and on October 14, 1929, the said M. K. Coulter died. Some time prior to November 5, 1931, the First National Bank of Harrisville authorized its attorney, W. J. Whieldon, Esq., to collect the judgment, and an execution was issued on November 5, 1931, for the purpose of making sale of a certain piece of real estate in the Borough of Sandy Lake belonging to the estate of the said M. K. Coulter, in order that the said property might be sold by the Sheriff of Mercer County on the first Monday of December, 1931, and the said property was advertised by the sheriff for sale on said date.

On November 16, 1931, Mary E. Snyder, administratrix of the estate of M. K. Coulter, presented the following motion:

"And now, November 16, 1931, the above named plaintiff having caused an execution to be issued on November 5, 1931, against the estate of M. K. Coulter, deceased, one of the defendants above named, and letters of administration having been issued upon the estate of said decedent unto Mary E. Snyder on or about October 1, 1931, and said administratrix having prepared and presented herewith her petition for the sale of the real estate of said decedent for the payment of his debts, I now move the court to stay the above execution as to the real estate of said decedent so that said administratrix may administer thereupon in accordance with her petition."

At the same time the above motion was presented, or soon thereafter, a petition was presented to the court by Mary E. Snyder, administratrix of the estate of M. K. Coulter, asking for an order to sell said real estate, located in Sandy Lake, at administrator's sale.

The question before the court is whether the court should stay the execution as to the said real estate in order that the administratrix may be permitted to sell the same. It cannot be disputed but that the First National Bank of Harrisville had the right to place the claim in the hands of its attorney for collection, and it is apparent that up to the time of issuing the execution there was no movement made on the part of the administratrix to have the property sold; and it is alleged by counsel for the Harrisville National Bank that before having the execution issued he made an effort to have the administratrix make sale of the property through the orphans' court, and nothing was done in this regard until the execution was issued and the property advertised by the sheriff and practically all costs incurred that would be necessary to make sale of the property through the sheriff.

It may be that when a matter of this kind comes before the court in this way we would have authority to determine the procedure, and we feel that both of the counsel and the court are in agreement as to the sale through the orphans' court being the most desirable, where a choice is made before anything is done. If, however, the administratrix did not act, then the Harrisville National Bank had no option in the matter. There was just one thing to do. After the bank had proceeded as it has done here, and practically all of the costs have already been incurred, we think it would be bad practice for the court to stay the execution, in order that the procedure laid down by the orphans' court may be commenced.

### Order

And now, April 4, 1932, this matter came on to be heard on a rule to show cause and was argued by counsel; whereupon, after due consideration, the rule is discharged. From W. G. Barker, Mercer, Pa.